## COMMONWEALTH vs. JOHN MATOS.

Suffolk.   May 3, 1984. — June 6, 1984.

Present: PERRETTA, HALE, & DREBEN, JJ.

*Breaking and Entering. Burglarious Implements. Evidence,* Flight, Consciousness of guilt. *Practice, Criminal,* Instructions to jury.

At the trial of indictments charging possession of burglarious implements and breaking and entering a dwelling house with intent to commit a felony, the evidence was sufficient to satisfy a jury of each element of the crimes beyond a reasonable doubt. [213]

In instructing the jury in a criminal case on evidence of the defendant's flight, the judge erred in failing to inform them, under principles stated by the Supreme Judicial Court in *Commonwealth* v. *Toney,* 385 Mass. 575, 585 (1982), that they were not to convict the defendant on the basis of flight or concealment alone. [213-215]

In instructing the jury in a criminal case on evidence of the defendant's flight, the judge erred in failing to explain to them, after a timely request referring to *Commonwealth* v. *Toney,* 385 Mass. 575, 586 n.6 (1982), that flight or similar conduct does not necessarily reflect feelings of guilt and that, even where a person's flight does demonstrate feelings of guilt, it does not necessarily mean that the person is in fact guilty, because feelings of guilt are sometimes present in innocent people. [214-215]

In the circumstances of a criminal case, errors in the judge's instructions to the jury on evidence of the defendant's flight presented a substantial risk of a miscarriage of justice. [215-216]

INDICTMENTS found and returned in the Superior Court Department on March 8, 1983.

The cases were tried before *Kelley, J.*

*Brownlow M. Speer* for the defendant.

*Michael J. Traft,* Assistant District Attorney, (*Edward M. Burns,* Assistant District Attorney, with him) for the Commonwealth.

PERRETTA, J.   The defendant was found guilty on indictments charging him with the crimes of possession of burglarious

implements and breaking and entering a dwelling house with the intent to commit a felony. On appeal he alleges error in the trial judge's denial of his motion for a required finding of not guilty, Mass.R.Crim.P. 25, 378 Mass. 896 (1979), and in the jury instructions on the issue of flight as evidence of consciousness of guilt. We conclude that the defendant's motion was properly denied but that the jury instructions did not comport with *Commonwealth* v. *Toney,* 385 Mass. 575, 584-585 (1982). We reverse.

1. *Motion for a Required Finding of Not Guilty.*

Applying the standard set out in *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-678 (1979), we conclude that the evidence, read in a light most favorable to the Commonwealth, was sufficient to satisfy the jury of each element of the crimes beyond a reasonable doubt. We need not recite all the evidence; it is sufficient to point out that the defendant was apprehended in an alley way where he was crouched beneath a fire escape which led to the apartment building in which a burglary had taken place. When spotted by the police, the defendant ran, but he was caught while attempting to scale a fence. He was carrying a knapsack in which he had a screwdriver and knife, and he gave a false name to the police. See *Commonwealth* v. *Fancy,* 349 Mass. 196, 201 (1965); *Commonwealth* v. *Johnson,* 6 Mass. App. Ct. 956, 957 (1978). Contrast *Commonwealth* v. *Murphy,* 1 Mass. App. Ct. 71, 76 (1973).

2. *Jury Instructions.*

The defendant filed written requests for jury instructions, see Mass.R.Crim.P. 24(b), 378 Mass. 895 (1979), concerning the Commonwealth's evidence of the defendant's flight as consciousness of his guilt. The requests were denied by the trial judge, who instructed the jury on this issue as set out in full in the margin.[1]

---

[1] "There was reference to the conduct, the observations of a witness as to the conduct of this particular defendant at the time and place, and it was argued that that should be considered consciousness of guilt. Now, when you consider any evidence as to the conduct of the defendant at the time and place in question, you may draw such reasonable inferences that you may from the testimony which you believe as to his conduct at the time and

In *Commonwealth* v. *Toney,* 385 Mass. at 584, the court, in making "some observations relative to jury instructions on evidence of flight," stated, at 585: "We think that a judge *should* instruct the jury (1) that they are not to convict a defendant on the basis of evidence of flight or concealment alone (see, e.g., *Commonwealth* v. *Smith,* 368 Mass. 126, 129 [1975]), and (2) that they may, but need not, consider such evidence as one of the factors tending to prove the guilt of the defendant. . . . A general instruction of the type outlined above will suffice." (Emphasis supplied.) We view the word "should" as a mandate that when a trial judge undertakes to instruct on the issue of a defendant's flight, that instruction must, in some form of words, touch upon the two considerations set out in *Commonwealth* v. *Toney,* 385 Mass. at 585.

A reading of the instruction in the present case (see note 1, *supra*) readily reveals that the jury were not informed that "they are not to convict a defendant on the basis of evidence of flight or concealment alone." *Ibid.*[2]

In addition to the request set out in note 2, *supra,* the defendant asked that the jury be instructed: "You may also consider that there may be numerous reasons why an innocent person might flee. 'Flight or similar conduct does not necessarily reflect feelings of guilt.' *Toney,* at 586 n.6," and " 'Even where a person's flight does demonstrate feelings of guilt, it does not necessarily mean that the person is in fact guilty, because feelings of guilt are sometimes present in innocent people.' *Toney,* at 586 n.6."

_____

place but, in considering his conduct, you have got to determine as you consider such conduct whether it indicates guilt, whether it indicates innocence, whether it indicates excitement or nervousness, confusion. You have got to consider the testimony of the conduct of the defendant at the time and place in question in light of all the circumstances as you draw any inferences from the conduct as described by the witnesses."

[2] Moreover, the defendant made a specific written request that the jury be instructed on this point: "You are not to convict Mr. Matos on the sole basis of evidence of flight. You may, but do not have to, consider such evidence as one of the factors which might tend to prove his guilt. *Commonwealth* v. *Toney,* 385 Mass. 575, 585 (1982)."

The trial judge was required to give these instructions, not necessarily in the language requested, but in some form. As stated in note 6 of *Toney,* "When such a request is made, the judge *should* explain" (emphasis supplied) to the jury those considerations therein discussed and here specifically requested. We do not construe use of the word "should" in note 6 any differently from its use in the body of the opinion at 585. Although the instructions appearing in note 6 are not required in the absence of a specific request by the defendant, a request makes the instructions mandatory, and the trial judge has no discretion to refuse the request.

When the trial judge declined to charge the jury as requested by the defendant and required by *Toney,* the defendant took no objection. See Mass.R.Crim.P. 24(b), 378 Mass. at 895. We thus consider the defendant's claim of error under the "substantial risk of a miscarriage of justice" standard of review. See *Commonwealth* v. *Sheline,* 391 Mass. 279, 292 (1984). Although we conclude in part one of this opinion that the Commonwealth's evidence was sufficient to survive a motion for a required finding of not guilty, we do not view the evidence as so overwhelming as to make the issue of the defendant's flight insignificant. Indeed, in his closing argument to the jury, the prosecutor made much of the defendant's attempt to avoid apprehension.[3] We thus conclude that the trial judge's

---

[3] The prosecutor argued: "[T]hese people who are within the building know the cops are here, 'Let's get out of here' . . . There's only one entrance, one opening to the alley, and the policeman is standing in it. He sees somebody go over the side, over the top of the fence, and the other guy is at the bottom right underneath the fire escape. And what does he try to do but run away? . . . [T]his fellow runs in the opposite direction. He has to be tackled off the fence, following his compatriot over the fence. This is the man that was trying to get over the fence. There isn't any doubt that this human being in the courtroom is the man that was tackled on that fence." And, "I suggest to you . . . the same permissible use of reason and common sense would lead you to conclude that the fellow that's underneath the escape hatch . . . who runs when he's told to stop . . . and who gives an alias . . . this is all within minutes of a burglary . . . you have got yourself a burglar." Finally, "And when it comes right down to it, the flight in the face of the police . . . this taking off down an alley and over a back fence and brought to the police station and giving an alias, all these things

failure to instruct on flight and consciousness of guilt in the manner required by *Commonwealth* v. *Toney,* 385 Mass. at 585-586 & n.6, resulted in a substantial risk of a miscarriage of justice.

*Judgments reversed.*

*Verdicts set aside.*

should trigger, I hope, what your mothers taught you when you were young: Actions speak louder than words. All the actions in this case can be settled upon and understood in one cohesive whole."