## COMMONWEALTH *vs.* JOHN MATOS.

Suffolk. February 4, 1985. — April 17, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN & LYNCH, JJ.

*Breaking and Entering. Burglarious Implements. Evidence,* Flight, Consciousness of guilt. *Practice, Criminal,* Instructions to jury.

At a criminal trial, defense counsel's action in calling the judge's attention to the defendant's requests for jury instructions on consciousness of guilt was sufficient under Mass. R. Crim. P. 24(b) to preserve this issue for appellate review. [564-565]

In instructing the jury in a criminal case on evidence of the defendant's flight, the judge erred in failing to inform them, under principles stated in *Commonwealth* v. *Toney,* 385 Mass. 575 (1982), that they were not to convict the defendant on the basis of flight or concealment alone. [565-566]

In instructing the jury in a criminal case on evidence of the defendant's flight, the judge erred in failing to explain to them, after a timely request referring to *Commonwealth* v. *Toney,* 385 Mass. 575, 586 n.6 (1982), that flight or similar conduct does not necessarily reflect feelings of guilt and that, even where a person's flight does demonstrate feelings of guilt, it does not necessarily mean that the person is in fact guilty, because feelings of guilt are sometimes present in innocent people. [566]

The evidence at a criminal trial was sufficient to warrant the defendant's convictions of possession of burglarious implements and of breaking and entering a dwelling house with intent to commit a felony. [566]

INDICTMENTS found and returned in the Superior Court Department on March 8, 1983.

The cases were tried before *Richard S. Kelley,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brownlow M. Speer,* Committee for Public Counsel Services, for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant appealed his convictions of possession of burglarious implements and breaking and entering

in the nighttime of an apartment in the North End of Boston.[1] The Appeals Court reversed the judgments of conviction because the jury instructions did not comply with *Commonwealth v. Toney,* 385 Mass. 575, 584-585 (1982). *Commonwealth v. Matos,* 18 Mass. App. Ct. 212 (1984). We granted the Commonwealth's application for further appellate review. G. L. c. 211A, § 11. Mass. R. App. P. 27.1(f), as amended, 367 Mass. 921 (1975). We agree with the Appeals Court that the judge's denial of the defendant's request for further instructions on consciousness of guilt requires reversal.

At trial the Commonwealth offered evidence that the police observed the defendant minutes after the discovery of the burglary "in a sitting-crouching position" beneath a fire escape which gave access to the burglarized apartment. The officer shone a light on the defendant and "ordered [the defendant] to stay where he was." The defendant got up and ran to the rear of the alley in which the fire escape was located and "attempted to scale the fence." The defendant was seized and placed under arrest. At trial the Commonwealth claimed that the defendant's flight indicated consciousness of guilt.

The defendant filed written requests for jury instructions, see Mass. R. Crim. P. 24(b), 378 Mass. 895 (1979), containing language suggested in *Commonwealth v. Toney, supra* at 584-585 & n.6. the judge denied the requests and did not instruct the jurors on the caution to be exercised before considering flight as consciousness of guilt.[2] After the instructions

---

[1] The defendant was sentenced to the Massachusetts Correctional Institution, Concord, for a term of ten years on the conviction of breaking and entering in the nighttime and to a concurrent term of five years for the conviction of possession of burglarious tools.

[2] The judge instructed as follows: "There was reference to the conduct, the observations of a witness as to the conduct of this particular defendant at the time and place, and it was argued that that should be considered consciousness of guilt. Now, when you consider any evidence as to the conduct of the defendant at the time and place in question, you may draw such reasonable inferences that you may from the testimony which you believe as to his conduct at the time and place; but, in considering his conduct, you have got to determine as you consider such conduct whether it indicates guilt, whether it indicates

but before the jury retired, the defendant requested that the judge remedy his omission from the jury instructions of the previously requested language from *Commonwealth* v. *Toney*, *supra* at 584-585 & n.6, concerning flight as consciousness of guilt. The judge also denied the defendant's request for additional instructions. Although defense counsel did not formally object to the judge's refusal to give the requested instructions, see Mass. R. Crim. P. 24(b), he brought his request for the additional instructions on consciousness of guilt to the judge's attention before the jury retired to deliberate. "It is a fundamental rule of practice that where a party alleges error in a charge he must bring the alleged error to the attention of the judge in specific terms in order to give the judge an opportunity to rectify the error, if any." *Commonwealth* v. *Reid*, 384 Mass. 247, 258 (1981), quoting *Commonwealth* v. *McDuffee*, 379 Mass. 353, 357 (1979). See *Johnson* v. *United States*, 291 F.2d 150, 156 (8th Cir.), cert. denied, 368 U.S. 880 (1961). The defendant brought his request for instructions on consciousness of guilt to the judge's attention. The judge denied the defendant's request for further instructions on consciousness of guilt. We conclude that the defendant sufficiently complied with Mass. R. Crim. P. 24(b) so that the correctness of the judge's refusal to give the requested instructions is properly before us. Any other result would exalt form over substance.

Apart from the evidence of flight as consciousness of guilt, the evidence against Matos was sufficient but not overwhelming. The Commonwealth relied on evidence of flight in proving its case and as the Appeals Court noted, in its closing, the Commonwealth "made much of the defendant's attempt to avoid apprehension." *Commonwealth* v. *Matos*, *supra* at 215. The judge did not give the cautionary instructions suggested in *Toney*. Further, the instructions which were given on consciousness of guilt did not inform the jurors that they could

---

innocence, whether it indicates excitement or nervousness, confusion. You have got to consider the testimony of the conduct of the defendant at the time and place in question in light of all the circumstances as you draw any inferences from the conduct as described by the witnesses."

not convict the defendant solely on evidence of flight as consciousness of guilt. See *Commonwealth* v. *Toney, supra* at 585; *Commonwealth* v. *Fancy,* 349 Mass. 196, 201 (1965). In these circumstances, we think that the judge erred in not giving fuller instructions on consciousness of guilt.

We repeat that if evidence of consciousness of guilt by flight is offered in evidence and if the defendant makes a request, the judge *should* "caution the jury on the dangers inherent in drawing the inference of guilt from the fact of flight. When such a request is made, the judge should explain to the jury, in appropriate language, first, that since there are numerous reasons why an innocent person might flee, flight or similar conduct does not necessarily reflect feelings of guilt. Second, he should explain that, even where a person's flight does demonstrate feelings of guilt, it does not necessarily mean that the person is in fact guilty, because feelings of guilt are sometimes present in innocent people." *Commonwealth* v. *Toney, supra* at 585-586 n.6.

The defendant argues that his motion for required findings of not guilty should have been allowed. We agree with the Appeals Court, see *Commonwealth* v. *Matos, supra* at 213, that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to satisfy the jury of each element of the crimes beyond a reasonable doubt.

We conclude that, although the judge properly denied the defendant's motion for required findings, his instructions on consciousness of guilt are flawed and a new trial is required. The judgments of the Superior Court are reversed, the verdicts set aside, and the case remanded for a new trial.

*So ordered.*