COMMONWEALTH *vs.* CURTIS MITCHELL. May 6, 1985. *Evidence*, Consciousness of guilt, Exculpatory. *Practice, Criminal*, Instructions to jury, Argument by counsel. *Error*, Harmless.

1. The defendant, convicted of attempted burglary, argues that the judge erred in admitting his prearrest statement to the police, on the street, not far from the attempted break, that he was returning from a party with a couple of girls on Northampton Street. The prosecutor had argued to the judge that the statement should come in as evidence of consciousness of guilt, its probable falsity demonstrated by the fact that the owner of the apartment which was the scene of the attempted break had identified the defendant as the would-be burglar. The defendant's counsel argues with some plausibility that this basis for admission smacks of circularity: that is to say, it seems to reason, from evidence of the defendant's guilt, that his alibi could be found false, and then permits the fact finder to infer the defendant's guilt in part from the fact that he gave a false alibi. See *Commonwealth* v. *Trefethen,* 157 Mass. 180, 199 (1892). There was other evidence, however, from which the jury could independently determine that the alibi was improbable. The police officers observed that the defendant's coat was covered with dust, described as construction dust, a fact which the jury could reasonably regard as peculiar if the defendant had in fact spent the night partying. Independently, the dust also connected the defendant to the break, as the police, following the burglar's route from the fire escape, through the vacant building next door out to the street, had found themselves also covered with construction dust. In principle, the case is not unlike *Commonwealth* v. *Eppich,* 342 Mass. 487, 492 (1961), *Commonwealth* v. *Walden,* 380 Mass. 724, 731-732 (1980), *Commonwealth* v. *Basch,* 386 Mass. 620, 624-625 (1982), and *Commonwealth* v. *Geisler,* 14 Mass. App. Ct. 268, 273-274 (1982). 2. The judge's instruction on the subject of consciousness of guilt and consciousness of innocence, while not as emphatic on the latter as the defendant wished, was nevertheless, as far as it went, balanced and fair, similar in essential respects to those given in *Commonwealth* v. *Porter,* 384 Mass. 647, 654 n.10 (1981), and *Commonwealth* v. *Matos,* 18 Mass. App. Ct. 212, 213 n.1 (1984), *S. C.,* 394 Mass. 563, 564 n.2 (1983). The additional instructions suggested in *Commonwealth* v. *Toney,* 385 Mass. 575, 584-585 (1982), and sought but refused

in *Commonwealth* v. *Matos, supra*, were not here sought. (The judge did, however, sua sponte, urge the jury to consider the possibility of innocent explanations for seemingly guilty conduct.) Concerning consciousness of innocence instructions in general, see *Commonwealth* v. *Martin,* 19 Mass. App. Ct. 117, 121-124 (1984). 3. The judge erred in sustaining the prosecutor's objection to the portion of the defendant's closing argument commenting on the failure of the police to test for fingerprints. See *Commonwealth* v. *Bowden*, 379 Mass. 472, 485-486 (1980). Still, the mere sustaining of the objection, without instruction to disregard or the like, stands as a somewhat puzzling and isolated incongruity in the flow of the transcript. The defendant's counsel continued to argue the same point, and returned to it again in his summary, all without further objection. It may thus be assumed that the jury considered the argument for what it was worth. In this connection we note that there was nothing in the evidence to indicate that the would-be burglar had touched the window with bare hands. (He was trying to pry it up with a screwdriver, which, so far as the evidence discloses, was not recovered.) In the circumstances, while a positive fingerprint test would have ruined the defendant, a negative fingerprint test could not have been particularly helpful to him. Compare *Commonwealth* v. *Walker*, 14 Mass. App. Ct. 544, 548-549 (1982). Taking all into consideration, we think the error was harmless.

*Judgment affirmed.*

*Richard Zorza*, Committee for Public Counsel Services, for the defendant.

*David B. Mark*, Assistant District Attorney (*M. Catherine Huddleson*, Assistant District Attorney, with him) for the Commonwealth.