COMMONWEALTH *vs.* EDWIN L. BARBER. May 7, 1985. *Self-Defense. Practice, Criminal,* Instructions to jury.

The defendant appealed from his conviction of assault and battery by means of a dangerous weapon. The Appeals Court reversed the defendant's conviction on the ground that the judge should have instructed the jury on the issue of self-defense. *Commonwealth* v. *Barber,* 18 Mass. App. Ct. 460, 465 (1984). We granted the Commonwealth's application for further appellate review. We conclude, as did the Appeals Court, that the judge committed reversible error when he refused the defendant's request for a jury instruction on self-defense.

In determining whether there was sufficient evidence to raise the issue of self-defense, we view the evidence in the light most favorable to the defendant. *Commonwealth* v. *Harrington,* 379 Mass. 446, 450 (1980). *Commonwealth* v. *Monico,* 373 Mass. 298, 299 (1977). In order to raise the issue of self-defense, "[t]here must be evidence warranting at least a reasonable doubt that the defendant: (1) had reasonable ground to believe and actually did believe that he was in imminent danger of death or serious bodily harm, from which he could save himself only by using deadly force, (2) had availed himself of all proper means to avoid physical combat before resorting to the use of deadly force, and (3) used no more force than was reasonably necessary in all the circumstances of the case." *Commonwealth* v. *Harrington, supra* at 450. *Commonwealth* v. *Burbank,* 388 Mass. 789, 794 (1983).

We conclude, based on the facts of this case, that the evidence was sufficient to satisfy these three elements and, therefore, raised the issue of self-defense. The jury's finding as to guilt necessarily rested largely on its evaluation of the credibility of the two primary witnesses at trial, the victim and the defendant. The defendant testified that he drew his knife during a fight with the victim because he feared that the victim was reaching into his back pocket for a weapon. The victim testified that he never reached into his back pocket.[1] The defendant's testimony suggests that he believed that the fight had escalated from a fist fight to one where the use of his knife was warranted because he was in imminent danger of great bodily harm. The defendant could have believed that flight was not an option to avoid the conflict, especially if he believed the victim was carrying a dangerous weapon. Finally, the jury could reasonably have concluded that the defendant used his knife in a defensive manner when he slashed the victim. Since the jury could have chosen to believe the defendant's version as to what had happened before and during the fight, the judge erred in refusing to instruct the jury on self-defense. We rule that there was sufficient

---

[1] No evidence was introduced showing that the victim had carried a dangerous weapon at the time of the altercation with the defendant.

evidence warranting a reasonable belief that the defendant acted in self-defense when he injured the victim with his knife.

*Judgment reversed.*
*Verdict set aside.*

*Christopher S. Skinner*, Committee for Public Counsel Services, for the defendant.

*Paul J. McCallum*, Assistant District Attorney, for the Commonwealth.