## COMMONWEALTH *vs.* GERALD A. CLARK.

Worcester. June 10, 1985. — July 18, 1985.

Present: GREANEY, C.J., KAPLAN, & FINE, JJ.

*Practice, Criminal*, Assistance of counsel, Instructions to jury. *Evidence*, Fresh complaint, Consciousness of guilt. *Self-Defense. Error*, Harmless.

Where at the trial of a rape case fresh complaint evidence was substantially the same as the victim's lengthy and graphic testimony at trial, the judge's error in failing to instruct the jury that the fresh complaint evidence was to be considered for corroborative purposes only was harmless beyond a reasonable doubt, and, consequently, defense counsel's failure to request such an instruction, or to object to the charge as given, was not of sufficient significance to constitute a deprivation of the defendant's right to effective assistance of counsel. [394-395]

At the trial of a rape case during which evidence of the discovery of the defendant's van concealed from view in a wooded area and of the defendant's flight to Las Vegas shortly after the incident in question was introduced to show the defendant's consciousness of guilt, defense counsel's failure to request an instruction on consciousness of guilt did not amount to ineffective assistance of counsel. [395-396]

Evidence at the trial of indictments charging kidnapping, aggravated rape, assault and battery by means of a dangerous weapon, and assault with intent to murder did not support the defendant's contention that the judge's failure to instruct the jury on self-defense was error or that defense counsel's failure to request such an instruction constituted ineffective assistance of counsel. [396-397]

INDICTMENTS found and returned in the Superior Court Department on July 12, 1982.

The cases were tried before *William Garbose,* J., sitting under statutory authority.

*Nona E. Walker,* Committee for Public Counsel Services, for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.

FINE, J.  A Superior Court jury convicted the defendant of four offenses against a seventeen year old victim: kidnapping, assault and battery by means of a dangerous weapon, assault with intent to murder, and aggravated rape. He received a sentence of forty-five to sixty years on the aggravated rape charge and a concurrent sentence of nine to ten years on each of the other charges. On appeal, the defendant contends that the trial judge erred in omitting from his charge to the jury instructions having to do with fresh complaint, consciousness of guilt and self-defense. Defense counsel at trial neither requested these instructions nor objected to their omission. The defendant argues that these lapses constituted a violation of his constitutional right to the effective assistance of counsel. We do not agree that the instructions fell short of what was required except with respect to fresh complaint. Trial counsel's failure to request instructions on consciousness of guilt or self-defense, therefore, did not amount to ineffective assistance of counsel. Because the evidence of the defendant's guilt was overwhelming, we decline to rule that the failure to instruct the jury on fresh complaint produced a substantial risk of a miscarriage of justice or that any failure on counsel's part with respect to that aspect of the jury charge was prejudicial to the defendant.

A brief summary of the facts is sufficient to place the legal conclusions in context. The victim testified that she had become acquainted with the defendant, a regular patron of the coffee shop where she worked. On June 22, 1982, while the victim was walking home from work, four to five miles away, he offered her a ride in his van. She accepted the ride. Instead of taking her home, he drove to a wooded area, where he threatened her with his fists and with a knife, and forced her to have sex with him. Following several forced unnatural sex acts, he had the victim leave the van. He said, "Just let me tie you up and tape you and then I'm going to call the police, and that will give me time to get out of the state." He then proceeded to tape her mouth and tie her with rope. The defendant told the victim he had forgotten something, and he returned to the part of the van where he had left the knife. Fearing that

he intended to kill her with the knife, the victim managed, without the defendant's knowledge, to untie her hands. He approached her and placed the knife at her throat. She was able to surprise him and knock the knife from his hand. During the course of the affray that followed both were stabbed, and she was punched and had her head beaten against the ground. She managed to escape and hide, first in a nearby barn and then in a farm house where, in a hysterical and injured condition, she telephoned for help. She related a detailed account of the events to police officers during the course of the three-day hospitalization that followed.

The next day, the police, using a helicopter, discovered the van hidden in the woods near the home of the defendant's mother. Blood stains were found in parts of the van. A piece of green canvas, a used tampon and twine, all objects to which the victim had referred in her statements to the police, were found in the van. A torn piece of the clothing the victim had been wearing and some tape were later found at the scene of the attack. On August 9, 1982, the defendant was arrested in Las Vegas, Nevada, where he had fled shortly after the incident.

1. *Fresh complaint*. The victim testified at trial in great detail about the incident. Over objection, three police officers testified concerning her statements describing the attack. An account given to a female State police officer was the most detailed. The statements were admitted under the doctrine of fresh complaint. As an exception to the hearsay rule, in a rape case, the content of such statements, if sufficiently prompt, may be admitted to corroborate the victim's testimony. *Commonwealth* v. *Bailey*, 370 Mass. 388 (1976). The defendant is entitled, however, "to have it impressed on the jury that the testimony may be used for corroborative purposes only; it cannot be used as hearsay to fill gaps in the prosecution's case." *Id*. at 396. Accord *Commonwealth* v. *Blow*, 370 Mass. 401, 406 (1976); *Commonwealth* v. *Bettencourt*, 361 Mass. 515, 519 (1972). Compare *Commonwealth* v. *Spare*, 353 Mass. 263 (1967). Even in the absence of a specific request, the instruction probably ought to have been given. The error, if any, was, however, harmless beyond a reasonable doubt. The

fresh complaint evidence was substantially the same as the victim's own lengthy and graphic testimony at trial. Its effect was no more than cumulative. See *Commonwealth* v. *Izzo*, 359 Mass. 39, 43 (1971); *Commonwealth* v. *Bettencourt, supra* at 519; *Commonwealth* v. *Coolbeth*, 4 Mass. App. Ct. 855 (1976).

Because the omission of the instruction in our view was not prejudicial, defense counsel's oversight in neglecting to request it or to object to the charge as given was not of sufficient significance to constitute a deprivation of the defendant's right to the effective assistance of counsel. The trial attorney, in the face of overwhelming evidence, objected strenuously to the admission of the fresh complaint testimony, and in that and other respects, appears to have provided a vigorous defense. Since there has not been any "showing that better work might have accomplished something material for the defense," *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977), the defendant is not entitled to a new trial on the basis of ineffective assistance of counsel. See *Commonwealth* v. *McGann, ante* 59, 61 (1985).

2. *Consciousness of guilt.* Two pieces of evidence were introduced by the prosecutor to show consciousness of guilt: the discovery of the van concealed from view in a wooded area; and the defendant's flight, after the incident, to Las Vegas. The defendant, in his testimony, offered an explanation for his flight. Had the Commonwealth requested an instruction drawing the jury's attention to the evidence of consciousness of guilt, it would have been entitled to the benefits of such an instruction. *Commonwealth* v. *Pope*, 19 Mass. App. Ct. 627, 632 (1985). *Commonwealth* v. *Jacobson*, 19 Mass. App. Ct. 666, 681-682 (1985). Of course, the judge would have been obligated to include in any such instruction an admonition concerning the dangers inherent in drawing an inference of guilt from evidence of flight and concealment and a warning not to convict on the basis of such evidence alone. *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982). *Commonwealth* v. *Matos*, 394 Mass. 563, 565-566 (1985). Both defense counsel and the prosecutor dealt with the consciousness of guilt

evidence in their closing arguments. Neither requested a jury charge on the subject, however, or objected to the charge given.

It is a matter of trial tactics for a defense attorney to determine whether to request a consciousness of guilt charge if none is requested by the Commonwealth or given, sua sponte, by the judge. On the one hand, the charge, if given, must be balanced, pointing to the caution to be exercised by the jury in considering the evidence. On the other hand, having the judge refer to the evidence of consciousness of guilt tends to emphasize the importance of that evidence in the jurors' minds. We would not second guess defense counsel's decision as to the wiser tactic to employ in a particular case. Here, defense counsel could reasonably have determined that it would not have helped the defendant to have the judge focus the jurors' attention on his precipitous flight out of State or his concealment of the van, even assuming the charge would have included the required cautionary language. The present case in this respect is indistinguishable from *Commonwealth* v. *Booker*, 386 Mass. 466, 471-472 (1982), in which no error was found where there was evidence of consciousness of guilt, no jury instruction on the subject, and no objection to the charge by defense counsel. See also *Commonwealth* v. *Roberts*, 378 Mass. 116, 126 (1979).

3. *Self-defense.* The defendant testified at trial and placed himself with the victim in the van on the date, at the time of day, and in the general location about which she had testified. The defendant denied that he had engaged in sexual relations with the victim, forcibly or otherwise. He stated that, to the contrary, the victim had offered to have sex with him if he would lend her money but that, because she was having her menstrual period, he refused. He testified that she then threatened him with a knife. He stated that he was able to wrest control of the knife from the victim, but in the course of doing so, he cut his finger. "And from there, I got mad, I lost my temper, and I still had a hold of her hand, and I hit her a couple of times with my left hand and I grabbed the door of the van and I threw her — I pushed her out of the door into the street." On the basis of this evidence, he argues that it was

reversible error, even in the absence of a request by trial counsel, for the judge to omit any reference in his charge to the jury on self-defense.

If believed by the jury, the evidence would have been important to the defendant because it refuted the claim of rape and kidnapping, and it explained the presence in his van of certain otherwise incriminating items of physical evidence. The question is whether the evidence of the circumstances in which he claims to have assaulted the victim with his fists had additional significance at the trial. Was it sufficient to raise the issue of self-defense with respect to any of the particular charges pending against him? If the evidence was sufficient to raise the issue as to one or more of the charges, then the defendant was entitled to have the jury properly instructed on self-defense as it related to the particular offense. *Commonwealth* v. *Harrington*, 379 Mass. 446, 450 (1980). *Commonwealth* v. *Deagle*, 10 Mass. App. Ct. 748, 750 (1980). *Commonwealth* v. *Barber*, 394 Mass. 1013 (1985).

There could be no issue of self-defense relating to the charge of rape or kidnapping. The charges of assault and battery by means of a dangerous weapon and assault with intent to murder both involved the use of the knife. The jury's verdict of guilty of both offenses as charged implies that they found that the defendant used the knife on the victim. His use of his fists is not consistent with the facts found by the jury. Moreover, according to his own testimony, the defendant attacked the victim because he was angry, not because, at the time of the attack, he believed he was in imminent danger. He was not entitled to an instruction on self-defense because, when examined closely, the claim is not supported by the evidence. *Commonwealth* v. *Lacasse*, 365 Mass. 271, 273 (1974). *Commonwealth* v. *Mains*, 374 Mass. 733, 735-736 (1978). *Commonwealth* v. *Bertrand*, 385 Mass. 356, 362-363 (1982). Contrast *Commonwealth* v. *Harrington, supra* at 450-452.

*Judgments affirmed.*