NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-942

COMMONWEALTH

vs.

STEPHEN H. SMITH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial, the defendant was convicted of assault and battery by means of a dangerous weapon in violation of G. L. c. 265, § 15A (b), and assault and battery on a household member in violation of G. L. c. 265, § 13M (a). On appeal, he claims that there was insufficient evidence to support the assault and battery by means of a dangerous weapon conviction, and that the trial judge improperly struck testimony relevant to his claim that the victim was the first aggressor. We affirm.

Background. We summarize the evidence presented at trial in the light most favorable to the Commonwealth, reserving certain details for the discussion of specific issues. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). The victim testified that during the night of November 7, 2019, into

the morning of November 8, 2019, she and the defendant, who were in a dating relationship, were in the victim's apartment, where the defendant stayed often. The two were in the kitchen when the defendant told the victim that he had taken twenty Klonopin pills in a suicide attempt, and an argument followed. After the victim failed to convince the defendant to go to the hospital, she reached for her cell phone, at which point the defendant grabbed a knife and pointed it at her. As the victim left the kitchen to go to her room, she saw that the defendant was cutting his arm with the knife. She once again tried to pick up her cell phone from the kitchen table, but was unable to reach it, as the defendant began to chase her through the apartment with the knife. During the ensuing encounter, the defendant straddled the victim while she was on a couch, held her down, and waived the knife in her face. The defendant ended up striking the victim with the knife, resulting in a serious laceration to her hand requiring twenty-two stitches. The victim was able to escape to a neighbor's apartment. The police were called.

Discussion. 1. Sufficiency of the evidence. The defendant contends that the evidence only showed that he waved a knife in the face of the victim, which resulted in her getting injured when she attempted to block it, not that he intentionally struck her. Thus, he argues that while there was

2

sufficient evidence to support a conviction of a reckless assault and battery by means of a dangerous weapon, there was insufficient evidence to support a conviction of an intentional assault and battery by means of a dangerous weapon. When reviewing a sufficiency of the evidence claim, we determine whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (citation omitted). Latimore, 378 Mass. at 677.

Assault and battery by means of a dangerous weapon can be proven under either a theory of intentional or reckless battery. See Commonwealth v. Cruzado, 73 Mass. App. Ct. 803, 807 (2009).[1] When the factfinder is instructed on both theories, a conviction may be upheld on sufficient proof of either theory. See, e.g., id. at 807-808. Because in jury-waived cases trial judges are presumed to have instructed themselves properly on the law, see Commonwealth v. Milo M., 433 Mass. 149, 152 (2001), we presume that the trial judge here properly instructed herself as to both

---

[1] "Intentional assault and battery by means of a dangerous weapon requires an intentional, unjustified touching, however slight, by means of [a] dangerous weapon" (quotation and citation omitted). Commonwealth v. Ashford, 486 Mass. 450, 460 (2020). In contrast, a recklessness theory requires "the intentional commission of a wanton or reckless act (something more than gross negligence) causing physical or bodily injury to another by means of a dangerous weapon" (footnote, quotation, and citation omitted). Id. at 460-461.

theories.  Given that there was evidence that the defendant was straddling the victim while waving a knife over her face, and that the defendant concedes that there was sufficient evidence to uphold the conviction on a theory of recklessness, we conclude there was no error.[2]

2.  Adjutant evidence.  "[W]here a claim of self-defense has been asserted and the identity of the first aggressor is in dispute . . . trial judges have the discretion to admit in evidence specific incidents of violence that the victim is reasonably alleged to have initiated."  Commonwealth v. Adjutant, 443 Mass. 649, 650 (2005).  During the trial, testimony was elicited regarding prior violent conduct of both the defendant and the victim.  The trial judge allowed the testimony on the condition that the defendant was able to raise a claim of self-defense.[3]  After the defendant concluded his

---

[2] We also conclude that, viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence under a theory of an intentional assault and battery by means of a dangerous weapon, as the trial judge could have inferred that the defendant intended to strike the victim with the knife after chasing her around the apartment with it, holding her down while on top of her, and then waving the knife over her face.

[3] For a defendant to be entitled to a self-defense instruction, there must be evidence warranting at least a reasonable doubt that he "(1) had reasonable ground to believe and actually did believe that he was in imminent danger of death or serious bodily harm, from which he could save himself only by using deadly force, (2) had availed himself of all proper means to avoid physical combat before resorting to the use of deadly force, and (3) used no more force than was reasonably necessary

4

testimony, the Commonwealth moved to strike the victim's prior Adjutant testimony and to disallow any such further testimony. The trial judge ruled that "it's not real clear from [the defendant's] testimony, particularly with the charge of assault and battery dangerous weapon, how he was acting in self-defense," and allowed the Commonwealth's motion. On appeal, the defendant argues that the evidence was sufficient to support a claim of self-defense and, therefore, that he should have been permitted to introduce evidence that the victim was the first aggressor.

We discern no error in the trial judge's conclusion that there was insufficient evidence that the defendant acted in self-defense and, therefore, the evidence at issue was properly excluded. Even accepting all reasonable inferences in the defendant's favor, see Commonwealth v. Pike, 428 Mass. 393, 395 (1998), the defendant provided no evidence that he used the knife in self-defense. The defendant testified that the victim attacked him with the knife, that he received cuts during the altercation, and that he pushed the victim away and ran out of the apartment. However, he also testified that he never grabbed the knife at all, and offered no explanation for how the victim

_____

in all the circumstances of the case" (citation omitted). Commonwealth v. Pring-Wilson, 448 Mass. 718, 733 (2007).

5

received her injuries.[4]  His testimony did not raise a claim of self-defense, but instead presented an entirely alternative account of the incident -- one that did not explain how the victim suffered a significant laceration.  In sum, there was no evidence to support a claim of self-defense.  See Commonwealth v. Bertrand, 385 Mass. 356, 362-363 (1982) (where defendant insisted he did not inflict blows that killed victim, his testimony raised no issue of self-defense); Commonwealth v. Clark, 20 Mass. App. Ct. 392, 396-397 (1985) (defendant not entitled to self-defense instruction for assault and battery by means of a dangerous weapon charge involving knife where

---

[4] During closing arguments, defense counsel stated he had no theory as to how the victim received her cuts:

> Judge:  "So are -- so you're suggesting that [the victim] cut herself?"
> Defense counsel:  "Your Honor, I don't know what happened. I -"
> Judge:  "Okay."
> Defense counsel:  "-- really don't.  And if I did, I don't think we would be here right now."

defendant testified he took knife from victim but only pushed her and hit her with his hand).

Judgments affirmed.

By the Court (Vuono, Henry & Grant, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered: June 5, 2023.

---

[5] The panelists are listed in order of seniority.