COMMONWEALTH *vs.* THOMAS D. LLOYD, JR. No. 97-P-1566. December 2, 1998. *Practice, Criminal,* Judicial discretion, Voir dire. *Evidence,* Cross-examination, Credibility of witness, Expert opinion, Relevancy and materiality, Judicial discretion, Prior inconsistent statement. *Witness,* Cross-examination, Credibility, Victim.

The defendant was convicted by a District Court jury of assault and battery,

assault and battery with a dangerous weapon (a shod foot), threatening to commit a crime (murder), and assault with a dangerous weapon (a handgun).

The jury could have found the following facts beyond a reasonable doubt. On the night in question, the defendant and the victim had gone to dinner. On the ride home, the victim told the defendant that she did not want to resume their previous romantic relationship. An argument ensued, and the defendant grabbed the victim by the hair and banged her head against the passenger side window. The defendant also held the victim's head in his lap while beating her.

When they arrived at the victim's home, the defendant dragged her out of the car and continued beating her. At some point the victim fell to the ground, and the defendant kicked her with his boots. He then carried the victim into the house. Once inside, the defendant threw the victim against the wall. He took his pistol from a drawer and held it to her head several times.

At trial, defense counsel asked the victim three times whether she was taking medication at the time of the incident; the victim answered "no" each time. When defense counsel asked a fourth question pertaining to medication, this time specifically mentioning Prozac (a prescription antidepressant drug), the judge sustained the prosecutor's objection. However, the judge did let the victim's previous negative answers stand.

The defendant then attempted to refer to answers to interrogatories signed by the victim in an unrelated civil case, wherein the victim states that she had, at some point, taken Prozac.[1] The trial judge noted that the victim, in the answers, stated that she had taken Prozac for *approximately* one year. The assault occurred eleven months after the incident giving rise to the civil suit, and the judge found that "approximately twelve months" was not inconsistent with eleven months.

The defendant now claims that the trial judge's exclusion of evidence of the victim's alleged use of Prozac was both prejudicial error and a violation of the defendant's confrontation clause rights (pursuant to the Sixth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights) and that, in any event, the judge should have conducted a voir dire to determine precisely when the victim was taking Prozac.

"[T]he scope of cross-examination, including to what extent the accuracy, veracity, and credibility of a witness may be tested, rests largely in the sound discretion of the judge, not subject to revision unless prejudice is shown." *Commonwealth* v. *Williams*, 25 Mass. App. Ct. 210, 218 (1987), quoting from *Commonwealth* v. *Caine*, 366 Mass. 366, 370 (1974). "It is the burden of the proponent of drug use or other mental impairment related evidence to show the judge abused his discretion in excluding the question[s] asked." *Commonwealth* v. *Russell*, 38 Mass. App. Ct. 199, 204 (1995), quoting from *Commonwealth* v. *Carrion*, 407 Mass. 263, 274 (1990).

It is not necessary to determine whether the victim was actually taking Prozac at the time of the assault. It is true that "[e]vidence of use of drugs, if such would impair a witness's ability to perceive, remember, or articulate correctly, is admissible to attack a witness's credibility." *Commonwealth* v. *Wil-*

---

[1]The answers are ambiguous in that they do not state a date on which the victim began taking Prozac. Thus, although the victim stated that she took Prozac for approximately one year, it is unclear whether this period began before or after the assault.

*liams*, 25 Mass. App. Ct. at 218. However, "before evidence of use of such medication is admissible, there must be a showing that the impairment is relevant to the issue of credibility." *Ibid.* Here, the defendant needed to demonstrate that the use of Prozac affects a person's ability to perceive or remember. For this, expert testimony was required.

"Expert testimony on [a] scientific theory is needed if the subject of expert testimony is beyond the common knowledge or understanding of the lay juror." *Commonwealth* v. *Sands*, 424 Mass. 184, 186 (1997). The impact of psychiatric medication on a given person is "clearly not [a subject] on which a jury could properly draw a conclusion unaided by expert medical opinion." *Commonwealth* v. *Laguer*, 20 Mass. App. Ct. 965, 965-966 (1985). See *Commonwealth* v. *Sands*, 424 Mass. at 188 (expert testimony required to assist jury in understanding correlation between intoxication and movement of eyeballs). Contrast *Commonwealth* v. *Mendrala*, 20 Mass. App. Ct. 398, 405 (1985) (expert testimony pertaining to effect of alcohol, enhanced by smoking of marijuana, on person's ability to perceive not required, although permissible).

In the present case, the defendant was not prepared to offer such expert testimony. Contrary to his assertion on appeal that, if given the opportunity to cross-examine the victim on her Prozac use, the defendant was prepared to offer psychiatric testimony, the defendant conceded to the trial judge that he had no intention of calling an expert witness.[2] Moreover, the defendant had not placed any expert witness on the witness list. Since there would have been no expert testimony to explain the alleged effects of Prozac on a person's ability to perceive or remember, any statement by the victim as to her use of the drug would have been irrelevant. See *Commonwealth* v. *Kirkpatrick*, 423 Mass. 436, 448, cert. denied, 519 U.S. 1015 (1996) (in the absence of an expert witness to explain the significance of medical records, "the records left unanswered so many crucial questions that, by themselves, they lacked probative value"). The judge did not abuse her discretion in refusing to permit the defendant to cross-examine the victim on an irrelevant topic.

Moreover, the defendant is unable to demonstrate the required prejudice. The Commonwealth introduced significant physical evidence, including photographs of the victim's bruises, and testimony from other witnesses who spoke to or saw the victim after the assault. Further, the defendant's theory of the case was that the victim fabricated the assault in order to provide a justification for having not appeared for a date with another man on the night in question. Thus, the defendant sought to attack the victim's *motive* to lie, not her *ability* to remember. In any event, the defendant was in fact able to expose a number of inconsistencies in the victim's testimony. Since the victim's "credibility was more than adequately explored in the jury's presence," it is unlikely that the excluded line of questioning would have made any difference. *Commonwealth* v. *Williams*, 25 Mass. App. Ct. at 217, quoting from *Commonwealth* v. *McDonough*, 400 Mass. 639, 646 (1987).

Nor was the judge required to permit the questioning for the purpose of highlighting a prior inconsistent statement. When, as here, the prior statement

---

[2]Defense counsel stated, "I have a psychiatrist who is prepared — I wouldn't be calling him." He went on to explain, "I don't intend to call him unless — because she may answer the questions herself. It won't be necessary."

is not plainly inconsistent, "a trial judge has broad discretion to admit or exclude the prior statement." *Commonwealth* v. *Fazzino*, 27 Mass. App. Ct. 485, 489 (1989), citing *Commonwealth* v. *Hesketh*, 386 Mass. 153, 161 (1982). Whether the trial judge was absolutely correct in her reading of the answers to the interrogatories is not critical; given their patent ambiguity, the judge did not abuse her discretion in finding no inconsistency between the victim's trial testimony and the interrogatories.

Finally, the defendant contends that the trial judge should have conducted a voir dire to determine whether the victim was in fact taking Prozac at the time of the assault. What we have said concerning expert testimony makes clear that any such voir dire would ultimately have been fruitless. Moreover, "incautious use of the voir dire may lead to problems" such as a grant of "untoward discovery" to one party. *Commonwealth* v. *Beauchemin*, 410 Mass. 181, 184 (1991). Here, the trial judge was well within her discretion in refusing further to delay the proceedings for the purpose of determining this collateral issue.

*Judgments affirmed.*

*Willie J. Davis* for the defendant.

*Marguerite T. Grant*, Assistant District Attorney (*Kerry A. Ahern*, Assistant District Attorney, with her) for the Commonwealth.