COMMONWEALTH vs. LARITA WELCH MARTINEZ.

Suffolk.    October 3, 1984. — January 7, 1985.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Homicide. Arson. Practice, Criminal*, Instructions to jury. *Evidence*, Admissions and confessions.

At the trial of indictments charging murder and arson, evidence that the defendant threw a burning newspaper at one of the victims in a cluttered corridor of a building, and that she then returned to a bedroom where she sat with her son and a witness watching television for five or ten minutes before the fire was detected, could support a conclusion that the defendant's conduct was no more than wanton or reckless, and, thus, the judge's refusal to instruct the jury on involuntary manslaughter required reversal of the defendant's convictions on the murder indictments. [613-614]

At the trial of an arson case, the judge properly denied the defendant's motion to suppress a statement made by her shortly after the fire and overheard by a police officer. [614-615]

The judge in an arson case was warranted in finding that the defendant, after receiving Miranda warnings, made certain statements freely and voluntarily and with an understanding of her rights. [615]

At the trial of indictments charging arson and murder, the judge did not err in responding to the defendant's concern respecting pretrial publicity by questioning each prospective juror, in denying the defendant's motion for required findings of not guilty, and in instructing the jury on malice. [615]

INDICTMENTS found and returned in the Superior Court Department on April 19, 1983.

The cases were tried before *William W. Simons*, J.

*Calvin J. Wier* for the defendant.

*Robert N. Tochka*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was convicted of arson, murder in the first degree of two persons who died as a result of the fire, and murder in the second degree of two other persons who

also died as a result of the fire. The fire occurred on the night of January 17, 1983, in a three-story tenement house in the Roxbury section of Boston. The defendant and the victims were occupants of the building. We affirm the arson conviction but reverse the murder convictions because the judge did not give a charge on involuntary manslaughter.

1. We consider first the question whether an instruction on involuntary manslaughter should have been given. The Commonwealth presented evidence tending to show that the fire was set deliberately and that the defendant started it by intentionally throwing a lighted newspaper at one of the victims with whom she had often argued during the previous three years. The defendant presented evidence tending to show that the fire started when a quilt accidentally caught fire. This evidence obviously raised a jury question as to whether the defendant was guilty of murder in the first or second degree or not guilty.

The defendant argues that there was evidence that would have warranted a finding that she was guilty of the lesser offense of involuntary manslaughter. She sought an instruction on involuntary manslaughter, and the judge gave the issue careful attention before declining to give such an instruction.

The trial judge should have given an instruction on involuntary manslaughter. As arguably applicable to the facts of this case, "[i]nvoluntary manslaughter is an unlawful homicide, unintentionally caused . . . by an act which constitutes such a disregard of probable harmful consequences to another as to constitute wanton or reckless conduct." *Commonwealth* v. *Campbell*, 352 Mass. 387, 397 (1967). See *Commonwealth* v. *Jones*, 382 Mass. 387, 389-390 (1981). It is well established that if, in a murder prosecution, the jury would be warranted in finding the defendant guilty of manslaughter, rather than murder, it is reversible error not to give an instruction on manslaughter. See *Commonwealth* v. *Santo*, 375 Mass. 299, 305 (1978); *Commonwealth* v. *McCauley*, 355 Mass. 554, 560-562 (1969); *Commonwealth* v. *Campbell, supra* at 392, 398. Thus, if any view of the evidence will permit a finding that the offense was manslaughter, the judge must charge on

manslaughter. *Commonwealth* v. *LePage*, 352 Mass. 403, 419 (1967).

There was evidence that the fire started in the cluttered second floor corridor of the tenement house. A witness testified that between 8 P.M. and 9 P.M. the defendant came into her bedroom, picked up some newspaper, lit it in the kitchen, walked back through the bedroom with the lighted newspaper, and entered another room and let the door shut behind her. That room had access directly to the corridor. The defendant returned to the bedroom a few minutes later and sat down with the witness and the defendant's four-year-old son to watch television. About five or ten minutes later the witness detected the fire. A police officer testified that the defendant told him that she threw "a ball of flame in the corridor" of the building.

The jury could have treated this evidence, disregarding other evidence, as showing wanton and reckless conduct which unintentionally caused the death of the four victims of the fire. Certainly, throwing a lighted newspaper in the cluttered corridor of an inhabited building could be reasonably regarded as such a disregard of probable harmful consequences to others as to be wanton or reckless conduct. The fact that, after whatever she did with the lighted newspaper, the defendant returned to the bedroom and sat with her son and the witness for five or ten minutes before the fire was detected could support a conclusion that her conduct was no more than wanton and reckless. Admittedly, the question is a close one and could have been argued in its various details more fully to the trial judge. The jury would have been warranted, however, in simply accepting the defendant's statement that she threw a ball of flame in the corridor. Moreover, the jury could have found that the defendant threw a lighted newspaper at one of the victims intending no more than to frighten or upset the victim. An instruction on involuntary manslaughter was required.

2. The failure to charge the jury on the possibility of a manslaughter verdict requires the reversal of the defendant's convictions on the various murder indictments, but that omission has no bearing on the defendant's conviction of arson. We must, therefore, consider the defendant's arguments that

bear on her arson conviction and, of course, any issue that may be significant in her retrial on the murder charges.

The defendant's motion to suppress certain of her statements was properly denied. Her statement, overheard by a police officer shortly after the fire, that "I threw a ball of flame and I got the . . .," was made while the defendant was not in custody, was not the product of police questioning, and was entirely voluntary. Statements of this character are admissible without proof of prior Miranda warnings. *Commonwealth* v. *Garcia*, 379 Mass. 422, 427 (1980). See *Commonwealth* v. *Bryant*, 390 Mass. 729, 736-737 (1984). The judge found that the defendant's statements to the police after she received Miranda warnings were made freely and voluntarily with an understanding of her rights. We see no reason to reject those conclusions.

The defendant's other arguments that we need consider require no extended discussion. (a) The judge carefully handled the defendant's concern over pretrial publicity by his questioning of each prospective juror. There was no error. *Commonwealth* v. *Estremera*, 383 Mass. 382, 391 (1981). (b) The defendant's motion for required findings of not guilty was properly denied. Even disregarding her statements to the police that the defendant claims should have been suppressed, there was sufficient evidence to submit the various charges to the jury. (c) The judge did not charge the jury that malice could be presumed from the use of a dangerous weapon but acceptably referred to inferences that could be drawn. See *Commonwealth* v. *Albert*, 391 Mass. 853, 860 (1984). Reading the charge as a whole, we have no doubt that the jury were fairly instructed that they must find malice as an essential part of any finding of her guilt of arson. See *Commonwealth* v. *Lamothe*, 343 Mass. 417, 419 (1961), concerning malice as an element of the crime of arson.

3. The judgments on the murder indictments are reversed and the verdicts are set aside.[1] The judgment on the arson indictment is affirmed.

*So ordered.*

---

[1] At the retrial of the murder indictments, consideration should be paid to whether jury instructions should be given concerning the effect of the defendant's consumption of liquor on her capacity to deliberately premeditate (see *Commonwealth* v. *Gould*, 380 Mass. 672, 681 [1980]) and concerning the possibility of instructing the jury as to arson-felony murder, which would be murder in the second degree (see *Commonwealth* v. *Rhoades*, 379 Mass. 810, 823 [1980]). No instruction on either point was requested or given.

On retrial of the two indictments on which verdicts of murder in the second degree were returned, the question of a conviction of murder in the first degree should not be submitted to the jury. See *Commonwealth* v. *Harrington*, 379 Mass. 446, 455 (1980).