COMMONWEALTH *vs.* RAMON CRUZ, JR.

Hampden. May 3, 1993. - August 3, 1993.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Homicide. Evidence,* Consciousness of guilt. *Practice, Criminal,* Instructions to jury.

At a criminal trial where there is evidence tending to show the defendant's consciousness of guilt, the judge, on his or her own initiative, is required to instruct the jury in accordance with *Commonwealth* v. *Toney,* 385 Mass. 575, 585 (1982), that they are not to convict the defendant on the basis of flight or concealment alone and that they may, but need not, consider such evidence as one of the factors tending to prove the guilt of the defendant [29-31]; if a defendant affirmatively requests that the required instructions not be given, the judge should exercise discretion as to whether to grant the request [33].

In the circumstances of a murder trial in which the defendant was convicted of first degree murder on a felony-murder theory, the judge's failure to instruct the jury on her own initiative regarding consciousness of guilt, in accordance with *Commonwealth* v. *Toney,* 385 Mass. 575, 585 (1982), presented no substantial risk of a miscarriage of justice warranting relief under G. L. c. 278, § 33E, where the evidence against the defendant was strong and where, on the instructions given them, the jury could not have found the defendant guilty of felony-murder based solely on his false statements to police. [31-33]

INDICTMENTS found and returned in the Superior Court Department on August 11, 1988.

The cases were tried before *Elizabeth A. Porada,* J.

*Charles K. Stephenson* for the defendant.

*Ellen Berger,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was found guilty of murder in the first degree on the theory of felony murder and of armed robbery. He makes two arguments. Although the defendant neither requested an instruction, nor objected to the absence

of an instruction, concerning evidence of his consciousness of guilt, he argues that he is entitled to a new trial, contending that the judge's failure to give such an instruction on her own requires a new trial. He also argues alternatively that we should exercise our authority under G. L. c. 278, § 33E (1992 ed.), to order the reduction of the verdict to one of guilty of murder in the second degree. We reject both arguments and affirm the convictions.

On August 6, 1988, the victim died of a knife wound to his heart which he had received early that morning. The victim was found slumped over in the driver's seat of his vehicle which had come to a stop across a sidewalk against a fence with its engine running. The investigating officer testified that the vehicle appeared to have come from the alleyway across the street from where it stopped. There was evidence warranting a finding beyond a reasonable doubt that the defendant had stabbed the victim. We summarize some of that evidence. The defendant had the victim's wallet shortly after the stabbing. There was evidence that the defendant had been carrying a knife on the night of the stabbing and had been wearing a hat that was found in the victim's motor vehicle. The defendant told a passerby that he had "just finished stabbing this dude in the alley." The defendant had tried to sell the victim's wedding ring. The defendant asked how to obtain money with a plastic bank card that had been in the victim's wallet.

1. At various times the defendant gave statements to the police which were significantly inconsistent.[1] The defendant admitted in his testimony that he had not told the truth to the police. In his closing jury argument, the prosecutor pointed to numerous alleged lies that the defendant had told the police.[2] The judge made no reference in her jury charge

---

[1]The defendant does not argue here that the police failed to give him Miranda warnings or that his statements were not made voluntarily.

[2]The prosecutor also observed at one point: "Now, the fact that he is shown to be a liar in and of itself doesn't mean the Commonwealth wins, but it's consciousness of guilt. It's evidence showing the commission of a crime. This is evidence of guilt."

to evidence of the defendant's consciousness of guilt based on the defendant's lies to the police. Defense counsel did not request any cautionary instruction, nor did he object to the absence of an instruction, concerning the proper treatment of evidence that could be regarded as showing the defendant's consciousness of his guilt.

In *Commonwealth* v. *Toney*, 385 Mass. 575, 586 & nn. 4-6 (1982), this court considered in detail what instructions are appropriate when, in one form or another, there is evidence tending to show the defendant's consciousness of guilt. False statements to the police are standard examples of admissible evidence of consciousness of guilt. *Commonwealth* v. *Carrion*, 407 Mass. 263, 276 (1990). In the *Toney* opinion, the court stated that "a judge should instruct the jury (1) that they are not to convict a defendant on the basis of evidence of flight or concealment alone . . . and (2) that they may, but need not, consider such evidence as one of the factors tending to prove the guilt of the defendant" (citation omitted). *Commonwealth* v. *Toney*, *supra* at 585. The court noted that its comments were for the most part applicable to other types of evidence admitted to prove consciousness of guilt, such as false statements made to the police. *Id.* at 584 n.4. The two instructions that the *Toney* opinion directed be given are referred to in the opinion as "required instructions." *Id.* at 586 n.6.

The Appeals Court has held, we think erroneously, that there is no requirement that a judge on his or her own instruct the jury on consciousness of guilt evidence by giving the instructions that the *Toney* opinion described as required. See *Commonwealth* v. *Carver*, 33 Mass. App. Ct. 378, 386 (1992); *Commonwealth* v. *Clark*, 20 Mass. App. Ct. 392, 396 (1985).[3] The reason for not having a mandatory rule, it

_____

[3]These Appeals Court opinions rely on *Commonwealth* v. *Booker*, 386 Mass. 466, 471-472 (1982), for this proposition. The reliance is not well founded. The *Booker* opinion was not concerned with the question whether the "required" *Toney* instructions were automatically mandated. The "but see" citation to the *Toney* opinion indicates that the required instructions are an exception to the *Booker* opinion's comment that "[o]rdinarily

is said, is that it is a matter of trial tactics for a defense attorney to determine whether to request a consciousness of guilt instruction and an appellate court should not "second guess defense counsel's decision." See *id*. Cf. *Commonwealth v. Brow*, 20 Mass. App. Ct. 375, 380 n.4 (1985) ("[i]n some cases, it may be trial strategy for defense counsel not to request a consciousness of guilt instruction").

Opinions of this court have referred to the two required instructions of the *Toney* opinion as if a judge must give them sua sponte whenever there is evidence of consciousness of guilt in the case. See *Commonwealth v. Lavalley*, 410 Mass. 641, 650-651 (1991) ("[in *Toney*] we stated that if there is evidence of consciousness of guilt, the judge should" give the required *Toney* instructions; also, "the judge, *if requested*, should" give the optional instructions [emphasis supplied]); *Commonwealth v. Stewart*, 398 Mass. 535, 549 (1986) (referring to "the mandate of *Toney*"); *Commonwealth v. Nadworny*, 396 Mass. 342, 371 (1985) ("the instruction contained the substance of what we required in *Toney*"), cert. denied, 477 U.S. 904 (1986).[4] The implication of our opinions is that the "required instructions" must be given. If the instruction is not given in a case such as this, which is subject to review under G. L. c. 278, § 33E, we test the error on the standard whether there was a substantial likelihood of a miscarriage of justice. This is the standard of review on which the defendant bases his argument.[5] We con-

---

judges are not required, sua sponte, to instruct the juries as to the purposes for which evidence is offered at trial." *Id*.

[4]Footnote 6 of the *Toney* opinion, referring to instructions that should be given "if requested," in contrast to the "required instructions," supports the view that the "required instructions" must be given without request. *Commonwealth v. Toney*, 385 Mass. 575, 585-586 n.6 (1982).

[5]The standard of review for the armed robbery conviction is whether there was a substantial risk of a miscarriage of justice, a standard of review that is less favorable to a defendant than the standard applied under § 33E. See *Commonwealth v. Lennon*, 399 Mass. 443, 448 n.6 (1987). Obviously if the alleged error is not a ground for relief from the murder conviction, it would not be a ground for relief from the armed robbery conviction.

clude that it is reasonably certain that the defendant was not prejudiced by the error.

The evidence against the defendant, apart from his false statements to the police, was substantial, although circumstantial. He carried a knife on the night of the stabbing. The hat that he had been wearing was found in the victim's motor vehicle. He told a passerby that he had stabbed a "dude in the alley." The victim's vehicle was found across a street from an alley from which it appeared to have come. Shortly after the stabbing, the defendant had the victim's ring, his wallet, and his plastic bank card.

To this evidence is added the various alleged falsehoods of the defendant about such things as how he came into possession of the wallet. In his first written statement, the defendant said that he had fought with a man who had made a homosexual assault on him, had stabbed the man with a knife that he had wrested away from him, and had later returned to the scene and found the wallet. The defendant next told the police that he knew where the knife was, but, in a search of the indicated area in the defendant's presence, no knife was found. In a second written statement, the defendant said that, after he took the knife away from the victim, the victim threw his ring and wallet out a window of his vehicle and said "take them." The defendant said that he started to get out of the vehicle but the victim was fighting with him, and at that point he stabbed the victim, left the vehicle, and picked up the wallet and ring off the ground. In his third written statement, the defendant said that a man named "Conno" gave him the wallet and ring as "Conno" was running down a street away from the place where, inferentially, "Conno" had stabbed the victim. The defendant testified that the third statement, with some exceptions, set forth how he had acquired the wallet and the ring.

The absence of the required instructions cannot be disposed of on the ground that the evidence of consciousness of guilt was an insignificant, incidental aspect of the trial. The defendant's direct testimony was in large measure directed toward explaining why he had given conflicting statements to

the police. Defense counsel's closing argument gave major attention to providing an innocent explanation for those false statements (nine of thirty-two pages in the transcript). The Commonwealth's closing argument focused heavily on these statements as indications of the defendant's guilt (twenty of fifty pages in the transcript).

Our task is to assess whether the jury's verdicts might have been different if the judge had given the "required instructions" of the *Toney* opinion. We think it is reasonably clear that the verdicts would not have been different. It was transparent from the evidence and from the closing arguments of counsel that the jury might, "but need not, consider [evidence of any false statements that the defendant may have made to the police] as one of the factors tending to prove the guilt of the defendant." *Commonwealth* v. *Toney, supra* at 585. The jury could believe or disbelieve the defendant's explanations as to why he made false statements. The jury would not have been influenced significantly by an instruction that they could, but need not, consider that evidence as tending to prove guilt. It was obvious. If they believed the defendant, they would disregard the falsities. If they did not, they could treat the evidence as probative of guilt.

The other required *Toney* instruction, concerning the need to tell the jury that they should not rely on the false statements alone in convicting the defendant, presents a closer question. The defendant was convicted of murder in the first degree solely on the theory of felony murder. None of the defendant's statements to the police standing alone would support a finding of armed robbery, the only felony suggested as the basis for a felony-murder conviction. None of those statements presents by itself evidence of an armed assault with an intent to steal. Under the judge's instructions concerning felony murder, which we are entitled to assume the jury followed, the jury could not have found the defendant

guilty of felony murder based solely on consciousness of guilt evidence.[6]

The evidence of guilt, apart from the false statements, was strong. The missing knife, the hat found in the victim's vehicle, the defendant's possession of the victim's wallet and ring, his admission that he had stabbed a man in an alley, the location of the victim's vehicle in relation to an alley, and his admission that he had been with the victim in the victim's vehicle, all add up to a strong case. In the circumstances, the giving of the required *Toney* instructions would not reasonably have altered the verdicts.

If a defendant does not want the judge to give the required *Toney* instructions concerning consciousness of guilt evidence, defense counsel should make an affirmative request that those instructions not be given. The judge in such circumstances should exercise discretion as to whether to grant the request. A prosecutor who introduces consciousness of guilt evidence would be well advised to remind the judge of the necessity of giving the required *Toney* instructions, absent a request by the defense that no such instructions be given.

2. There is no justification for our ordering a reduction in the murder verdict. The defendant relies on cases in which this court has reduced verdicts in the exercise of its obligation under G. L. c. 278, § 33E. See *Commonwealth* v. *McDermott*, 393 Mass. 451, 460-461 (1984); *Commonwealth* v. *Cadwell*, 374 Mass. 308, 317-318 (1978); *Commonwealth* v. *Mahnke*, 368 Mass. 662, 701-704 (1975), cert. denied, 425 U.S. 959 (1976); *Commonwealth* v. *Vanderpool*, 367 Mass. 743, 749-751 (1975); *Commonwealth* v. *Jones*, 366 Mass. 805, 807-809 (1975); *Commonwealth* v. *Williams*, 364 Mass. 145, 152 (1973); *Commonwealth* v. *Ransom*, 358 Mass. 580, 583 (1971). The defendant's attempt to fit within these cases fails either because his argument depends on his

---

[6]The prosecutor himself told the jury that they could not convict the defendant just because he lied. See note 2 above.

version of the events that the jury obviously disbelieved or because those cases had factors not present here.

*Judgments affirmed.*