COMMONWEALTH *vs.* EDWARD J. CHERUBIN. No. 92-P-909. October 1, 1993. *Homicide. Malice. Assault and Battery by Means of a Dangerous Weapon. Practice, Criminal*, Assistance of counsel.

The defendant appeals from his convictions of second degree murder, two counts of assault and battery by means of a dangerous weapon, and two counts of leaving the scene after causing personal injury. He claims that there was insufficient evidence to sustain the convictions.

Although the defendant correctly states the test of *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979) — "[the] question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" — he recites the facts as he would have them. Applying the *Latimore* standard, we hold that there was ample evidence to sustain the defendant's convictions.

The jury were warranted in finding the following facts. The victim approached the defendant while he was making a telephone call in a supermarket parking lot in Everett. Appearing annoyed, the defendant shouted at the victim and pushed her forcefully away. When a friend of the victim questioned the defendant about his pushing the victim, the friend was told in foul language to move away. The victim left. Shortly thereafter, accompanied by two friends, she started to return by foot to the scene of the confrontation. While she was crossing the street, approaching the curb near the supermarket, the defendant drove his automobile out of the parking lot, the car screeching as it turned the corner into the street that the

victim and her two friends were crossing. The defendant aimed the car first at one of the victim's friends, struck that friend, and then swerved toward the victim, hit her, ran over her body with the car, and swiftly left the scene without stopping. A driver of another vehicle with three passengers saw the hit and run incident, chased the defendant's car and, at a stop sign in Malden, placed his vehicle in front of the defendant's automobile. The driver got out of his car and accused the defendant of leaving the scene after hitting a young woman (the victim). The defendant pointed the car directly at the driver, moved it toward him and hit the driver's leg, causing him to flip over and land on his side. The defendant accelerated and drove off.

Contrary to the defendant's contention, the jury were warranted in finding he acted with malice, a necessary element of second degree murder. *Commonwealth* v. *Casale*, 381 Mass. 167, 171-172 (1980). "If in the circumstances known to the defendant a reasonably prudent person would have known of the plain and strong likelihood that death would follow a contemplated act, malice may be found without any actual intent to kill or to do grievous bodily harm and without any foresight by the defendant of such consequences." *Commonwealth* v. *Grey*, 399 Mass 469, 472 n.4 (1987). The defendant's rapid swerve in the direction of the victim while she and her two friends were approaching the curb would have given a reasonably prudent person notice that there was a plain and strong likelihood that a collision causing death would follow.

Similarly, evidence that the defendant aimed his car and hit the victim's friend and the driver who had followed him supported the two convictions of assault and battery by means of a dangerous weapon. His leaving the scenes of both crimes supported the remaining convictions. There was no error in the judge's denial of the defendant's motions for a required finding of not guilty or the denial of his renewed motion after judgment under Mass.R.Crim.P. 25(b)(2), 378 Mass. 896 (1979). The judge neither abused her discretion nor otherwise committed an error of law. See *Commonwealth* v. *Gaulden*, 383 Mass. 543, 557 (1981).

The defendant also urges that trial counsel was ineffective because he failed to object to the prosecutor's cross-examination of the defendant and his girlfriend concerning an incident in Revere which occurred approximately an hour prior to the homicide. The claim is without merit. Defense counsel had moved in limine to exclude the evidence but had withdrawn the motion when the prosecutor agreed not to introduce the evidence in the Commonwealth's case in chief. The agreement was limited to the Commonwealth's case in chief, and although the motion in limine was endorsed "allowed," the transcript makes clear that the motion was withdrawn. Moreover, when the Commonwealth sought on cross-examination of the defendant's witnesses to question them about this incident, defense counsel did object, on the ground of relevance. The trial judge correctly concluded that the examination was relevant and probative of the defendant's state of

mind. There is nothing to support the defendant's claim that counsel was ineffective. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

*Judgments affirmed.*

*Frank Mondano* (*Maria A. Luise* with him) for the defendant.

*Patricia M. Darrigo*, Assistant District Attorney, for the Commonwealth.