## Commonwealth *vs.* Luz Pagan.

No. 92-P-1317.

Essex. October 14, 1993. - January 14, 1994.

Present: Kass, Porada, & Ireland, JJ.

*Homicide. Practice, Criminal*, Instructions to jury, Assistance of counsel, Lesser included offense. *Constitutional Law*, Assistance of counsel. *Evidence*, Consciousness of guilt.

A defendant convicted of arson of a dwelling and two counts of murder in the second degree made no showing that, by not requesting a manslaughter instruction, her trial attorney had represented her ineffectively, where the trial judge, who also heard the defendant's motion for a new trial, properly credited trial counsel's testimony that his rejection of a manslaughter instruction was a strategic decision and his further testimony that the defendant had rejected compromise positions, and where trial counsel's approach to the case was far from manifestly unreasonable; moreover, the judge, in the circumstances, did not err in failing to give a manslaughter instruction to the jury on his own initiative. [790-792]

In the circumstances of a criminal trial in which the defendant was convicted of arson of a dwelling and two counts of murder in the second degree, the judge's failure to instruct the jury on his own initiative regarding consciousness of guilt, in accordance with *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982), presented no substantial risk of a miscarriage of justice. [792-794]

Indictments found and returned in the Superior Court Department on March 11, 1987.

A motion for a new trial, filed on July 5, 1991, was heard by *John T. Ronan*, J.

*John Salsberg* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.

Kass, J. Luz Pagan was convicted by a jury on November 5, 1987, of one count of arson of a dwelling (G. L. c. 266, § 1) and two counts of murder in the second degree

(G. L. c. 265, § 1). Two persons died in the fire set by Pagan. From those convictions Pagan took a direct appeal. The judgments of conviction were affirmed by this court in an unpublished memorandum. See 27 Mass. App. Ct. 1417 (1989). Thereafter Pagan moved for a new trial on the ground that her trial lawyer had represented her ineffectively by not requesting a manslaughter instruction and that, in any event, the trial judge, on his own initiative, should have instructed the jury that they might return a verdict of manslaughter as a lesser included offense. Defense counsel at trial had told the judge he did not want a manslaughter instruction.

After the current second appeal was briefed and argued, the defendant, in light of the opinion in *Commonwealth* v. *Cruz*, 416 Mass. 27 (1993), invited us to consider as another ground for reversing the judgments of conviction that the trial judge had failed, sua sponte, to instruct the jury that they were not to find the defendant guilty solely on the basis of evidence of consciousness of guilt.

We affirm.

1. *Background facts.* At Pagan's trial, evidence was received that the destructive and fatal fire of December 31, 1986, had started in three locations: in the middle of Pagan's bedroom and at two points on a porch in the rear of her second floor apartment. She and her small children were the only persons in her apartment at the time of the fire. Just before the fire broke out, those children were sent out of the building by Pagan with winter coats and toys while she stayed in the apartment. Pagan's accounts of her discovery of the fire as she related them to arson investigators at successive interviews and later at trial contained awkward variations, such that a hearer was unlikely to credit any one of her versions. On a central point, however, Pagan was consistent: she had not set the fire; she did not know how the fire had started.

During the course of cross-examining Pagan at her trial, the prosecutor attempted to put to Pagan a question about consultations with a physician for treatment of depression.

At that juncture the trial judge asked defense counsel if he proposed to ask for a manslaughter instruction. Defense counsel responded that he did not see how he could ask for a manslaughter instruction in view of his client's denial that she had anything to do with starting the fire. On the basis of that reply, the judge sustained a defense objection to the line of questioning about whether Pagan suffered from depression.

2. *Manslaughter instruction.* There are two parts to this aspect of Pagan's appeal: first, that defense counsel performed ineffectively in the constitutional sense in failing to ask for an instruction to the jury that they might return a verdict of manslaughter; second, that the judge erred by failing, sua sponte, to give such an instruction. The precedential pad from which appellate counsel launches his argument for a new trial is *Commonwealth* v. *Martinez*, 393 Mass. 612 (1985). That case also concerned arson and the death of inhabitants of the burned building. Evidence had been received that the defendant in *Martinez* had thrown a burning newspaper at someone with whom she had less than cordial relations, and that the hurled "ball of flame" had accidentally ignited flammable objects in a cluttered corridor. It was possible to see this conduct as "an act which constitutes such a disregard of probable harmful consequences to another as to constitute wanton or reckless conduct," i.e., manslaughter. *Commonwealth* v. *Campbell*, 352 Mass. 387, 397 (1967). *Commonwealth* v. *Martinez*, 393 Mass. at 613. Defense counsel in *Martinez* asked for an instruction on manslaughter as a lesser included offense within the crime, murder, with which Martinez had been charged.

In the instant case the general tenor of the Commonwealth's evidence was that Pagan had quarreled with a boy friend and had set the fire in rage, but deliberately. If vengeance and fury were factors in the crime, there might be a rational basis for instructing the jury about manslaughter, and the position of successor counsel is that trial counsel was unforgivably — i.e., beneath what might be expected of reasonably competent counsel — obtuse in turning down the

judge's offer of a manslaughter instruction. To support this argument on appeal, appellate counsel particularly draws attention to trial counsel's observation that he could not request a manslaughter instruction "given the nature of the evidence in this case." The suggestion is that trial counsel was blind to the basis in the evidence for a manslaughter instruction.

What appellate counsel requires us to ignore is the rest of what trial counsel said, namely that he could not request a manslaughter instruction given "[m]y client's denial of the same," the word "same" in context standing for any involvement with the crime alleged. At the hearing on the new trial motion, trial counsel elaborated.[1] His strategy was to build the case the defendant had insisted upon: that she had neither intentionally set a fire nor done anything which accidentally had ignited the blaze. It would greatly sap the force of making such a case to add that, *if* the defendant had started a fire, she had done so without malice. Not only would such an alternative vitiate the primary theme of the defense, but it might entice the jury to compromise on the lesser included offense if they were in doubt about whether the prosecution had proved the greater offense.

The trial judge, who also heard the motion for a new trial, credited trial counsel's testimony that his rejection of a manslaughter instruction was a strategic decision and his further testimony that the defendant had rejected compromise positions. The judge was entitled to regard skeptically Pagan's testimony at the postconviction relief proceedings that she had not been fully informed about maneuvering for a manslaughter alternative. We defer to the judge's findings on the credibility of witnesses. *Commonwealth* v. *Little*, 384 Mass. 262, 269 (1981). As to defense counsel's approach to the case, it was far from manifestly unreasonable. See *Commonwealth* v. *Cohen*, 412 Mass. 375, 390 (1992); *Commonwealth* v. *McGann*, 20 Mass. App. Ct. 59, 61 (1985).

---

[1]When a motion for a new trial is urged on the basis of ineffective assistance of counsel at trial, it is highly useful, as was done here, to receive testimony from trial counsel.

We turn to the argument that the judge should have given a manslaughter instruction notwithstanding defense counsel's disclaimer. In similar — but only somewhat similar — factual circumstances, the opinion in *Commonwealth* v. *Martinez*, 393 Mass. at 613-614, says that "if any view of the evidence will permit a finding that the offense was manslaughter, the judge must charge manslaughter." That seemingly categorical prescription, however, may not be separated from the fact that in *Martinez*, counsel *had* asked for a manslaughter instruction whereas in the current case, such an instruction had been rejected. The point was remarked on in *Commonwealth* v. *Roberts*, 407 Mass. 731, 737 (1990), in which the court emphasized that a trial judge *on request* must, when the evidence permits, give a lesser included offense instruction, but that the defense was entitled to adopt an all-or-nothing strategy. A judge has no duty to undercut such a strategy by giving an instruction which the defendant on appeal would surely argue tempted the jury to a compromise verdict adverse to the defendant. Compare *Commonwealth* v. *Thayer*, ante 599, 602-604 (1993).

3. *Absence of consciousness of guilt instruction.* At trial, the defense did not request, nor did the judge deliver, a consciousness of guilt instruction, by which we mean an instruction to the jury that they should not convict solely on the basis of evidence of flight or concealment. See *Commonwealth* v. *Cruz*, 416 Mass. at 29. During the course of the postconviction relief proceedings in Superior Court under Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), the defendant did not mention a consciousness of guilt instruction issue, nor did the defendant's brief on appeal discuss the question. After the appellant's brief had been filed but before argument, the decision in *Commonwealth* v. *Cruz*, 416 Mass. 27 (1993), was published and the defendant's appellate lawyer, thus alerted, undertook in a supplementary brief (a single justice had permitted its filing) to place the absence of a consciousness of guilt instruction on the agenda of Pagan's appeal.

Ordinarily, we would not entertain on appeal a question not placed before the lower court judge, *Redgate, petitioner, ante* 495, 499 (1993), but the *Cruz* opinion altered what this court had written about the responsibility of a trial judge sua sponte to give a consciousness of guilt instruction. See *Commonwealth* v. *Clark*, 20 Mass. App. Ct. 392, 396 (1985); *Commonwealth* v. *Carver*, 33 Mass., App. Ct. 378, 386 (1992). The defendant, therefore, may be entitled to the "clairvoyance exception" to the usual rule, see *Redgate, petitioner, supra* at 499, and, in any event, we may as well confront the problem, rather than instigate another round of postconviction proceedings in Superior Court. See also *Commonwealth* v. *Miranda*, 22 Mass. App. Ct. 10, 16-17 (1986). The record is complete on the question to be considered. Our review is on the substantial risk of a miscarriage of justice standard. See *Commonwealth* v. *Cruz*, 416 Mass. at 30.

The instructions that the *Cruz* opinion, 416 Mass. at 29, says should be given on the judge's own motion, if the record contains evidence of conduct by the defendant that suggests consciousness of guilt, are: 1) that the jury are not to convict on the basis of flight or concealment alone; and 2) that the jurors may, "but need not, consider such evidence as [a factor] tending to prove the guilt of the defendant." *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982). As a practical matter, it may, in light of *Cruz*, be the better part of wisdom to give a consciousness of guilt instruction along the lines of the *Toney* formula as a matter of routine, unless the defense requests that a consciousness of guilt instruction not be given. Cf. *Commonwealth* v. *Brow*, 20 Mass. App. Ct. 375, 380 n.4 (1985). It overstates what *Cruz* says, however, to insist that a consciousness of guilt instruction is invariably required. There must be a reason for such an instruction.

In the *Cruz* case, for example, the defendant had given the police significantly inconsistent statements and at trial testified that he had not told the police the truth, i.e., he had engaged in concealment. In closing argument the prosecution dilated on the defendant's evasive lies and said, in so many words, that it signified "consciousness of guilt." *Common-*

*wealth* v. *Cruz*, 416 Mass. at 28 n.2. The court observed that "[f]alse statements to the police are standard examples of admissible evidence of consciousness of guilt." *Id*. at 29. By comparison, in the instant case, Pagan gave four versions of her discovery of the fire. They did not add up and the prosecutor was able to argue that her version at trial ought not to be credited, and that they should be viewed as a cover-up. There is a difference between saying statements of a witness ought not to be credited and saying that the inconsistent statements in and of themselves demonstrate consciousness of guilt. In the absence of argument by the prosecutor that Pagan's differing versions betokened consciousness of guilt, we think that the need for a consciousness of guilt instruction requires too heavy a component of second sight and that, in any event, the absence of such an instruction did not produce a substantial risk of a miscarriage of justice.

*Order denying motion for a new trial affirmed.*