COMMONWEALTH vs. MARK R. RUSSELL.

No. 93-P-1775.

Middlesex. October 17, 1994. - February 28, 1995.

Present: ARMSTRONG, SMITH, & GREENBERG, JJ.

*Practice, Criminal*, Required finding, Instructions to jury. *Homicide. Malice. Evidence*, Relevancy and materiality, Emotional state, Cross-examination, Credibility of witness, Consciousness of guilt.

Evidence at a murder trial was sufficient to support a finding by a rational trier of fact of guilty of murder in the second degree and the judge correctly denied the defendant's motion for a required finding of not guilty. [200-202]

At a murder trial there was no error in the judge's allowing in evidence testimony of a witness's observation of the victim's emotional condition shortly before she was killed. [202-203]

At a murder trial the judge's exclusion of a question by the prosecutor and his striking of the answer the witness had started to give was sufficient to avoid any prejudice to the defendant inasmuch as the jury was not exposed to any inadmissible material. [203]

At a murder trial, the judge did not abuse his discretion in excluding as without foundation and irrelevant questions on cross-examination of a Commonwealth witness regarding her alleged addiction to drugs and use of drugs prior to testifying. [203-204]

At the trial of a criminal case in which there was evidence of the defendant's flight and concealment presented by the Commonwealth, where the defendant did not either request an instruction on consciousness of guilt or object to the absence of such an instruction there was no error in the judge's not having instructed on the subject on his own motion. [204-205]

INDICTMENT found and returned in the Superior Court Department on May 1, 1992.

The case was tried before *Stephen E. Neel*, J.

*Dana A. Curhan* for the defendant.

*Marian Ryan*, Assistant District Attorney, for the Commonwealth.

SMITH, J. A grand jury indicted the defendant for murder in the second degree and, after a six-day trial, a jury convicted the defendant of that crime. On appeal, the defendant raises four issues. None of them has any merit.

1. *Denial of motion for required finding.* On October 28, 1991, the victim, while walking on Market Street in Lowell, was struck and killed by an automobile operated by the defendant. The defendant claims that the denial of his motion for a required finding of not guilty was error because the evidence was insufficient to establish that the victim's death was other than accidental.

We review the evidence in the light most favorable to the Commonwealth. *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-678 (1979). The defendant and the victim, a young woman, were acquainted. One or two nights before she was killed, the victim was standing on Market Street when the defendant drove up in his automobile, got out and approached the victim. He asked the victim to go with him. The victim asked the defendant if he had any money. He told her that he did not but because they were friends, he wanted her to go with him anyway. The victim responded that she was not there to make friends. They then walked to the side of a building where they argued for about two minutes. A slapping sound was heard and the victim ran across the street holding her face. The defendant jumped into his automobile and drove away.

On October 28, shortly before she was killed, the victim walked into a restaurant located on Market Street and had a drink. The defendant was seated at the bar, about twenty feet from the victim. The defendant looked in her direction, looked back at the bartender, looked down, made a noise and "kind of snarled."

The victim left the restaurant about ten minutes after she arrived; the defendant two minutes later. After she left the restaurant, the victim met a friend. The friend testified that the victim was eating from a bag of cheese curls and that she appeared to be angry and upset. When the victim and her friend finished talking, the two headed off in separate direc-

tions on Market Street. Moments later, the victim's friend heard the sound of a speeding car. As it passed her, she saw that the defendant was the operator. The friend then looked back down the street to see whether the victim had heard the automobile and observed that the victim was on the sidewalk.

The defendant passed the victim, driving at about thirty to forty miles per hour. He then looped into two parking lots, accelerated the engine, drove up onto the sidewalk and struck the victim with the right front quarter of his automobile. The engine was accelerating during the entire maneuver. Before he struck her, the defendant did not slow, brake or stop.

After striking the victim, the automobile accelerated and the defendant drove around the block, then came back to the scene and stopped just behind the victim's body. He left his automobile, opened the trunk, pulled off latex gloves and threw the gloves in the trunk. The defendant then put on another pair of latex gloves that he had obtained from the back seat of his automobile.

When the ambulance personnel arrived, they found the victim's body lying in the street. They were surprised, considering the victim's injuries, not to find blood under the body. A pool of what appeared to be blood was discovered a couple of feet closer to the curb than the victim's body. The defendant's car had cheese curls stuck to the hood and windshield. It also had damage to its right front side. The victim died of a skull fracture and other injuries to her brain.

"[A] conviction of murder in the second degree requires proof of malice." *Commonwealth* v. *Batchelder*, 407 Mass. 752, 760 (1990). The defendant argues that the Commonwealth failed to present sufficient evidence of malice to satisfy the required finding standard.

"If in the circumstances known to the defendant a reasonably prudent person would have known of the plain and strong likelihood that death would follow a contemplated act, malice may be found without any actual intent to kill or to do grievous bodily harm and without any foresight by the defendant of such consequences." *Commonwealth* v. *Grey*, 399 Mass. 469, 472 n.4 (1987). Here, there was evidence

that the defendant drove up on the sidewalk and without stopping or slowing down struck the victim with his automobile. Such conduct "would have given a reasonably prudent person notice that there was a plain and strong likelihood that a collision causing death would follow." *Commonwealth v. Cherubin*, 35 Mass. App. Ct. 919, 920 (1993).

Further, the jury could reasonably infer from the evidence of the parties' stormy relationship that the defendant intentionally struck the victim with his automobile. "A fatal blow purposefully and wrongfully inflicted and not the product of chance or the frailty of human nature is malicious and murderous." *Commonwealth v. Casale*, 381 Mass. 167, 172 (1980).

In sum, the judge did not commit error in denying the defendant's motion for a required finding of not guilty.[1]

2. *Evidentiary rulings.* The victim's friend whom the victim met as she left the restaurant testified for the Commonwealth. She was asked about her observations of the victim when she met her outside the restaurant. The defendant objected, and the objection was overruled. The witness responded that "[the victim] looked real angry, she looked real upset . . . ." In response to another question on the same matter, which was the subject of an objection, also overruled, the witness testified that "I saw [the victim] coming out, and I waved to her and she looked real angry." There was no error.

"Witnesses may . . . describe the emotional, mental, or physical condition of another in terms of summary description." Liacos, Massachusetts Evidence § 7.5, at 370 (6th ed. 1994). The evidence was relevant because it added to the

---

[1]The defendant argues that we should adopt a more rigorous standard than the "any rational trier of fact" standard. In particular, the defendant contends that we should find the evidence to be sufficient only if a "reasonable jury" could have found the elements of the crime beyond a reasonable doubt. We decline the defendant's invitation and note that the Supreme Judicial Court in *Commonwealth* v. *Latimore*, 378 Mass. at 677-678, indicated that the required finding standard of *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979), was satisfied by the "rational trier of fact" standard.

previous evidence of a stormy relationship between the victim and the defendant.

A third question asked the witness was whether the victim had told her what was bothering the victim. The witness responded, "Yes," and started to relate what the victim had told her. There was an objection, which was sustained. The defendant argues that the prosecutor committed reversible error because, even though the judge sustained the objection, the excluded question brought to the jury's attention an unsworn statement of the victim. We disagree. The witness responded affirmatively to the prosecutor's question whether the victim had told her what was bothering her. There was nothing in the prosecutor's question that conveyed to the jury the contents of the conversation between the witness and the victim. Here, any prejudicial effects were neutralized adequately by the prompt striking of the answer.

The defendant also claims that the judge committed reversible error when he refused to allow the defendant to cross-examine a Commonwealth's witness as to whether she was still addicted to drugs and whether she had used drugs the day she testified.

The witness was the person who related the details of the "slapping" incident that occurred one or two days before the victim's death. On cross-examination, she admitted, in considerable detail, her use of drugs at the time of her observation of the incident and also at the time she gave a statement about what she saw to the police.

The Commonwealth objected to the questions regarding the witness's current addiction to drugs and her use of drugs prior to testifying. A bench conference followed at which the judge described his observations of the witness while she was testifying and, based on those observations, ruled that there was no foundation for the questions. There was no error.

"While defendants are entitled to reasonable latitude on cross-examination, the scope of such cross-examination, including the extent of impeachment of a witness for credibility and competency, are well within the judge's sound discretion." *Commonwealth* v. *Carrion*, 407 Mass. 263, 273

(1990). Here, there was extensive evidence of the witness's use of drugs at the time of the incident which she described. Such evidence is admissible on cross-examination to attack the witness's credibility because such use may impair the witness's ability to perceive and to remember correctly. *Id.* at 273-274. However, the judge, based on his observations of the witness while testifying, ruled that the questions about the witness's present drug use were not relevant to the witness's ability to perceive, remember or testify to the incident that she claimed to have observed. "It is the burden of the proponent of drug use or other mental impairment related evidence to show the judge abused his discretion in excluding the question[s] asked." *Id.* at 274. The jury was well aware of the witness's heavy use of drugs (three or four bags of heroin daily) at the time of the incident. The judge's refusal to allow the defendant to elicit answers to two questions about her present use did not violate his right to cross-examine the witness.

3. *Failure to instruct on consciousness of guilt.* The Commonwealth presented evidence that the defendant left the scene, returned to it, moved the body and removed and replaced latex gloves. According to the defendant, because this evidence represented flight and attempts to conceal the crime by the defendant, the judge should have instructed the jury "(1) that they are not to convict a defendant on the basis of evidence of flight or concealment alone . . . and (2) that they may, but need not, consider such evidence as one of the factors tending to prove the guilt of the defendant." *Commonwealth* v. *Toney*, 385 Mass. 575, 585 (1982). The defendant neither requested such an instruction nor objected to its absence.[2] He points, however, to *Commonwealth* v. *Cruz*, 416 Mass. 27, 29-30 (1993), where the court held that a judge is required, sua sponte, to instruct the jury on consciousness of guilt whenever there is evidence of consciousness of guilt in

---

[2]Moreover, the defendant presented evidence tending to show that those actions which might be considered as indicating consciousness of guilt were actually consistent with his defense of an accident.

the case. *Cruz*, however, was not the last word by the court on the subject.

In *Commonwealth* v. *Simmons*, 419 Mass. 426, 434-436 (1995), the judge failed to give instructions on his own initiative on how the jury should evaluate consciousness of guilt evidence. *Simmons* was tried, like this case, before *Cruz* was decided, and the defendant argued in *Simmons*, as does the defendant here, that *Cruz* should be given retroactive effect. The court in *Simmons* rejected the defendant's argument because there was no basis in the evidence for requiring such instructions. The court, however, took the opportunity to revisit the *Cruz* decision. After reflecting on its decision in *Cruz*, the court in *Simmons* concluded that "the better practice is not to require that a judge, on his or her own initiative, instruct on the subject [of consciousness of guilt]." *Id.* at 436. The court then stated, "The matter is left to the sound discretion of the judge, and it will not be error if he or she chooses not to instruct on the subject in the absence of a request." *Ibid.*

Therefore, in this matter, there was no error.

*Judgment affirmed.*