Cowin, J.
The defendant, Francis J. Coull, has been indicted on two charges of breaking and entering a motor vehicle (G.L.c. 266, §16) and larceny of property under two hundred and fifty dollars (G.L.c. 266, §30). The defendant has filed a motion to suppress a statement he made to the police following his arrest and booking.
A motion to suppress hearing was held on January 7, 1997 at which Sergeant Frederick Marks of the Braintree Police Department was the only witness.
Based upon an assessment of the evidence presented, including the credibility of the witnesses, I make the following findings and rulings.[1]

FINDINGS

On January 18, 1994, the defendant was arrested in Braintree by Officer Donald Curtin and was brought to the Braintree police station. In the booking room the defendant was given his Miranda rights and was advised of his right to use the telephone by Sergeant Frederick Marks of the Braintree Police Department. As the defendant exhibited the effects of having been sprayed with pepper spray, he was permitted to go to the wash room and wash his face. The defendant washed his face, was brought back into the booking room and was asked some preliminary booking questions such as his address and date of birth. At this time, the defendant indicated he again wanted to wash his face. He was allowed to do so. The booking proceeded during which time the defendant washed his face a number of additional times.
When the booking questions were finally finished, Sergeant Marks gave the defendant his Miranda rights again. The Sergeant also informed the defendant of the charges against him. Sergeant Marks further gave the defendant a prisoner’s rights form that recited the Miranda rights. The defendant was unable to read or sign the sheet, however, because of the continuing effect of the pepper mace. Therefore, Sergeant Marks wrote on the sheet in the line for the defendant’s *338 signature “Defendant refused to sign. He had been sprayed and could not see.” Sergeant Marks signed the statement as the officer giving the rights and Officer Donald Curtin signed as a witness on the form. At the time, the defendant was asked if he understood his rights and said “Yes” and the officer checked the “Yes” line. The defendant was further asked if, having his rights in mind, he wanted to talk to the police. The defendant said “No" and Sergeant Marks wrote “No” on the appropriate line. The prisoner’s rights form was introduced at the hearing.
After the booking procedure and after the defendant had twice been advised orally of his Miranda rights, as set forth above, Sergeant Marks again repeated to the defendant the charges against him. The defendant said that the charges would not stand unless the witnesses showed up and he didn’t think that the witnesses would show up. Sergeant Marks replied “We will see.” It is this statement by the defendant that is the subject of the instant motion.

DISCUSSION

Notwithstanding the fact that Miranda warnings were given twice to the defendant, the defendant complains that following the Miranda warnings he refused to answer questions and nevertheless he was asked a question. Had the defendant been questioned by the police, such questioning would have violated Miranda and any answers he gave would have been suppressed. However, the defendant was not asked a question. Therefore, any statement he made does not require Miranda warnings and need not be suppressed.
The defendant’s statement was a result of the officer re-advising the defendant of the charges against him.[2] Repeating the charges against the defendant was not an interrogation nor was it a statement designed to elicit a response. Thus, the remark by the defendant in response to the statement of the charges was a spontaneous one and was not in response to any police questioning. Further, it was entirely voluntary. The police asked the defendant nothing after he indicated he did not want to talk to them. The only questions asked had been the earlier booking questions.
There was “no ‘express questioning or its functional equivalent’ within the meaning of Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980) and Commonwealth v. Rubino, 27 Mass.App.Ct. 506, 511-12 (1989).’’ Commonwealth v. Caldwell, 36 Mass.App.Ct. 570, 581 (1994).
Accordingly, the statement was a volunteered statement and Miranda rights are not necessary for such a statement. See Commonwealth v. Martinez, 393 Mass. 612 (1985). See also Commonwealth v. Caldwell, supra at 580-81 (inculpatory statement by defendant after police informed him that they were investigating a rape was spontaneous and not the product of interrogation), and Commonwealth v. King, 17 Mass.App.Ct. 602, 605-07 (1989) (defendant’s statement: “I did it. I did it. I raped that girl and I need help” made upon completion of the booking process and after seeing his arrest warrant was not the product of police interrogation, but was a statement volunteered by the defendant).

CONCLUSION

For the foregoing reasons, the defendant’s motion to suppress is DENIED.

 immediately following the hearing, the Court dictated findings, rulings and an order from the bench, indicating that a written decision with non-substantive revisions would be issued subsequently.

 No reason was given for why the officer re-advised the defendant of the charges.